IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDULLAH HANEEF IBN-SADIIKA, AP-8980, )
    Petitioner, )
)
    v. ) 2:13-CV-1587
)
SUSAN N. HUESTON, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Abdullah Haneef Ibn-Sadiika has presented a petition for a writ of habeas corpus. The petition, which is entitled "Removal Petition" seeks to "remove" a habeas corpus proceeding which he filed in the Court of Common Pleas of Allegheny County on August 27, 2013 and which relates to his convictions in the latter county at Nos. CC 8410761 and CC 8411275.

    Clearly, Ibn-Sadiika is once again seeking to challenge his state court convictions.. He previously filed a challenge in this Court which was docketed at C.A. 88-41. That petition was dismissed on May 2, 1988 and on August 8, 1988 a certificate of appealability was denied by the Court of Appeals. Ibn-Sadiika filed another habeas petition at 2:01-CV-710. That petition was dismissed on May 16, 2001 and on June 3, 2002, a certificate of appealability was denied by the Court of Appeals. Another habeas petition was filed at 2:02-CV-1309. The latter petition was transferred to the Court of Appeals for consideration as a successive petition on August 28, 2002 and on October 11, 2002, leave to file a successive petition was denied. Subsequently another petition was filed at 2:03-CV-1033 and on September 12, 2003, that petition was transferred to the Court of Appeals for consideration as a successive petition. On November 20, 2003 leave to file a successive petition was denied. Once again Ibn-Sadiika has returned to this Court seeking to challenge the same state court convictions.

    The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims

1

presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 14th day of November, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

                                                     s/ Robert C. Mitchell,
                                                     United States Magistrate Judge